1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RICHARD HEYER                          No. C-10-4525 MMC

12              Plaintiff,                   **ORDER GRANTING IN PART AND
                                             DENYING IN PART DEFENDANTS'**
13     v.                                    **MOTION TO DISMISS PLAINTIFF'S
                                             FIRST AMENDED COMPLAINT;**
14   GOVERNING BOARD OF THE MOUNT            **GRANTING IN PART AND DENYING IN
     DIABLO UNIFIED SCHOOL DISTRICT; et      PART DEFENDANTS' MOTION TO**
15   al.,                                    **STRIKE; VACATING HEARING; ORDER
                                             TO SHOW CAUSE**
16              Defendants.
     _____/

17

18        Before the Court are defendants the Governing Board of the Mount Diablo School

19   District ("District"), Alan Young ("Young"), and John McMorris's ("Morris") (collectively,

20   "defendants") motion to dismiss plaintiff's First Amended Complaint ("FAC") and alternative

21   motion to strike portions thereof, both filed January 14, 2011.  Plaintiff Richard Heyer

22   ("Heyer") has filed opposition, to which defendants have replied.  Having read and

23   considered the papers filed in support of and in opposition to the motions, the Court deems

24   the matter suitable for decision on the parties' respective submissions, VACATES the

25   hearing on said motions scheduled for February 25, 2011, and rules as follows.

26        1.   Defendants move to dismiss Heyer's state law claims against defendants on

27   the ground such claims are barred by the Eleventh Amendment.  See Pennhurst Stat Sch.

28   & Hosp. v. Halderman, 465 U.S. 89, 101, 104-06 (1984) (holding Eleventh Amendment

United States District Court

For the Northern District of California

bars claims asserting "state official has violated <u>state</u> law" (emphasis in original)).  Heyer

states he "has no opposition to [d]efendants['] claim that they are immune from suit for

state law violations in federal court."  (<u>See</u> Opp. at 16:16-17.)  Accordingly, the Court will

dismiss the FAC's Third, Sixth, Seventh, Eighth, and Ninth causes of action, asserting

claims under California's Constitution and Fair Employment and Housing Act.

2.     Defendants move to dismiss, as against Young and McMorris, Heyer's

harassment claim, brought under Title VII, 42 U.S.C. § 2000e-2, on the ground said

defendants cannot be held liable as supervisors.  Heyer states he "has no opposition to

claims that individual defendants, Alan Young and John McMorris may not be liable for

harassment pursuant to" Title VII.  (<u>See</u> Opp. 17:3-6.)  Accordingly, the Court will dismiss

the FAC's Fifth Cause of Action, asserting harassment under Title VII, as against Young

and McMorris.

3.     Defendants move to dismiss Heyer's remaining causes of action for failure to

state a claim for which relief can be granted.  Heyer opposes defendants' motion to

dismiss, asserting the FAC alleges sufficient facts to state a claim for (1) age discrimination

in violation of the ADEA, 29 U.S.C. § 623; (2) race and color discrimination in violation of

Title VII, 42 U.S.C. § 2000e-2(a); (3) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3;

and (4) harassment in violation of both Title VII, 42 U.S.C. § 2000e-2(a) and the ADEA,

which claims are alleged in the FAC's First, Second, Fourth, and Fifth Causes of Action,

respectively.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and

plain statement of the claim showing the pleader is entitled to relief.'"  <u>Ashcroft v. Iqbal</u>, 129

S. Ct. 1937, 1949 (2009) (quoting Rule 8(a)(2)).  "[T]he pleading standard Rule 8

announces does not require detailed factual allegations, but it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u> (internal quotation and

citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of

the elements of a cause of action will not do."  <u>Id.</u> (internal quotation and citation omitted).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual

1    enhancement." Id. (internal quotation, alteration, and citation omitted).

2        Here, Heyer alleges the following facts:  Heyer is a sixty-year-old Caucasian male

3    (see FAC ¶ 1), with "a Bachelor of Arts Degree from California State University at

4    Sacramento, California and a Master of Arts Degree in Secondary Education from the

5    University of San Francisco" (see FAC ¶ 7); Heyer has been "continuously employed as a

6    certified educator or administrator in the East Bay Public Schools since 1987, and has

7    always performed all of his assigned and related duties in an excellent manner" (see FAC

8    ¶ 8); and Heyer was employed for approximately twelve years as a "Vice-Principal at

9    Northgate High School, Walnut Creek, California in the Mount Diablo Unified School

10   District, until on or about June 30, 2010," when he was removed from that position and

11   reassigned to a classroom teacher position (see FAC ¶ 9).

12       Notably missing from Heyer's factual allegations, however, are any facts to support

13   his claims for discrimination and harassment.  Rather, Heyer asserts, in conclusory fashion,

14   that his demotion was "unlawful[]" (see FAC ¶ 9); that he has been subjected to "egregious,

15   unlawful, discriminatory employment practices," including "[u]nwarranted, unrelenting over

16   and close scrutiny," "[c]ontinuous harassment," "[c]ontinuous undermining of ability to

17   perform duties," "[u]nwarranted criticism," "[f]alse negative performance evaluation," and

18   "[f]alse accusation of unprofessional conduct" (see FAC ¶ 11); that the alleged actions

19   "have been taken against [Heyer] on account of his age" (see FAC ¶ 15); that Heyer "was

20   denied transfer or reassignment as Vice-Principal because of his race and color" (see FAC

21   ¶ 23); and that Heyer has been subjected to harassment "on account of his race, and color

22   and age" (see FAC ¶ 46).  The FAC contains insufficient facts "to raise a right of relief

23   above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).[1]

24   Accordingly, the Court will dismiss the FAC's First, Second, and Fifth Causes of Action for

25

26       [1] In opposition to the motion to dismiss, Heyer submits a declaration in which he
     makes various additional factual allegations.  Heyer's declaration is not properly before the
27   Court, however, as, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may
     not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in
28   opposition to a defendant's motion to dismiss." See Schneider v. Cal. Dep't of Corrections,
     151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original).

3

1   failure to state a claim upon which relief can be granted.

2          In contrast, and contrary to defendants' argument, Heyer alleges sufficient facts to

3   plead a retaliation claim.  In particular, Heyer alleges he engaged in protected activity, his

4   filing with the United States Equal Employment Opportunity Commission ("EEOC") an

5   "administrative charge of discrimination" on June 4, 2010 (see FAC ¶ 43),[2] that within the

6   month he suffered an adverse employment action, his demotion, on June 30, 2010

7   (see FAC ¶ 9), and that he was demoted because, inter alia, he filed the above-referenced

8   charges (see FAC ¶ 39);[3]  see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065

9   (9th Cir. 2002) (noting "causation can be inferred from timing alone where an adverse

10  employment action follows on the heels of protected activity").

11         Defendants next move to strike the FAC's prayer for relief to the extent Heyer seeks

12  punitive damages and to strike allegations supporting a "common law tort of intentional

13  infliction of emotional distress."  (See Mot. to Dismiss at 5.)  Heyer concedes punitive

14  damages are not recoverable against a public entity but argues, correctly, that damages for

15  emotional distress are recoverable on his above-referenced federal claims, including his

16  Fourth Cause of Action.  See 42 U.S.C. § 1981a(b)(3).

17         Accordingly, the Court will deny defendants' motion to dismiss the Fourth Cause of

18  Action, grant defendants' motion to strike to the extent Heyer seeks punitive damages, and

19  deny defendants' motion to strike to the extent Heyer seeks damages for emotional

20

21         [2] Heyer also alleges, albeit in conclusory fashion, that he "opposed practices made
    an unlawful employment practice, and made a charge, under [the Civil Rights Act]."
22  (See FAC ¶ 38.)

23         [3] Defendants request the Court take judicial notice of documents filed in the
    California Superior Court for Contra Costa County in an action titled Heyer v. Governing
24  Board of the Mount Diablo Unified School District, No. 10-859.  Heyer does not oppose the
    request.  Nonetheless, while the Court may take notice of the fact that Heyer filed his
25  "Petition for Writ of Mandate" in said action on June 2, 2010, see MGIC Indem. Corp. v.
    Weisman, 803 F.2d 500, 504 (9th Cir. 1986), the Court may not accept as true, for
26  purposes of the instant motion to dismiss, Heyer's allegation in said petition that the District
    decided to demote him on April 13, 2010 (see Def.'s Req. for J. Notice, Ex. 1 ¶ 7), nor take
27  notice of a letter from the District, dated April 14, 2010, notifying Heyer of his demotion,
    which letter is attached to the District's opposition to said petition (see id. Ex. 3 at Ex. 3
28  attached thereto); Guam Inv. Co. v. Cent. Bldg., Inc., 288 F.2d 19, 23 (9th Cir. 1961)
    (holding district court may not judicially notice "facts adjudicated in another case").

1    distress.

2         Heyer has not, however, alleged sufficient facts to show he has exhausted his

3    administrative remedies as to his retaliation claim.  "To establish subject matter jurisdiction

4    over [a] Title VII retaliation claim, [a plaintiff] must have exhausted his administrative

5    remedies by filing a timely charge with the EEOC."  See Vasquez v. Cnty. of L.A., 349 F.3d

6    634, 644 (9th Cir. 2003).  "Subject matter jurisdiction extends to all claims of discrimination

7    that fall within the EEOC's actual investigation or an EEOC investigation that could

8    reasonably be expected to grow out of the charge."  Id.  Here, Heyer did not present his

9    retaliation claim to the EEOC (see FAC Ex. 1), nor could he have done so, as, according to

10   the FAC, that claim arose after he filed his charge with the EEOC, see Vasquez, 349 F.3d

11   at 645 ("The EEOC could not have investigated [alleged retaliation] because it had not yet

12   happened by the time the EEOC was conducting its investigation.")  Further, although

13   Heyer identified Young and McMorris as responsible parties in his EEOC charge (see FAC

14   Ex. 1 at ¶ 4), the FAC does not identify the parties responsible for his demotion and asserts

15   the claim against the District alone (see FAC ¶ 9); see also Vasquez, 349 F.3d at 644

16   (noting, in deciding whether "current retaliation claim is reasonably related to the EEOC

17   charge" courts consider "such factors as the alleged basis of the discrimination, dates of

18   discriminatory acts specified in the charge, perpetrators of discrimination named in the

19   charge, and any locations at which the discrimination is alleged to have occurred").

20        Accordingly, as this ground was not raised in defendants' motion, the Court will order

21   Heyer to show cause why his claim for retaliation should not be dismissed for lack of

22   subject matter jurisdiction.

23        For the reasons stated above,

24   1.    Defendants' motion to dismiss is hereby GRANTED in part and DENIED in

25        part as follows:

26        a.    As to the First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth

27   Causes of Action, defendants' motion to dismiss is hereby GRANTED;

28        b.    As to the Fourth Cause of Action, defendants' motion to dismiss is

5

hereby DENIED; and

        c.     Plaintiff is hereby ORDERED TO SHOW CAUSE in writing, filed no later than March 4, 2011, why the Fourth Cause of Action should not be dismissed for lack of subject matter jurisdiction.

    2.     Defendants' motion to strike is hereby GRANTED to the extent the FAC seeks punitive damages and is otherwise DENIED.

    3.     Plaintiff's Second Amended Complaint, if any, shall be filed no later than March 4, 2011.

    **IT IS SO ORDERED.**

Dated:  February 22, 2011

                                     MAXINE M. CHESNEY
                                     United States District Judge