IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HEYER, <br><br>　　　　Plaintiff, <br><br>　v. <br><br>GOVERNING BOARD OF THE MOUNT DIABLO UNIFIED SCHOOL DISTRICT; et al., <br><br>　　　　Defendants. | No. C-10-4525 MMC <br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; VACATING HEARING** |

　　　Before the Court is defendant Governing Board of the Mount Diablo School District's ("the Board") motion, filed April 15, 2011, to dismiss plaintiff's Second Amended Complaint ("SAC"). Plaintiff Richard Heyer ("Heyer") has filed opposition, to which the Board has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for May 6, 2011, and rules as follows.

　　　On February 22, 2010, the Court granted in part and denied in part the Board's motion to dismiss Heyer's first amended complaint. The Court found, inter alia, Heyer failed to state a cause of action for age discrimination in violation of the ADEA, race and color discrimination in violation of Title VII, and harassment in violation of Title VII and the ADEA. On the other hand, the Court found Heyer sufficiently stated a claim for retaliation

under Title VII based on his allegation that he was demoted shortly after he filed a discrimination charge with the EEOC. The Court ordered Heyer to show cause, however, why the Court should not dismiss his retaliation claim for failure to exhaust administrative remedies with respect to such claim. Heyer did not file a response to the Court's order to show cause; rather, Heyer filed the SAC, in which he no longer asserts discrimination and harassment claims or a retaliation claim based on his EEOC charge, and instead asserts a revised claim of retaliation under Title VII.

Specifically, Heyer, formerly a Vice-Principal at Northgate High School, alleges that on April 20, 2009, he wrote to the Assistant Superintendent, "protesting a negative interim evaluation of his performance by Principal John McMorris, suggesting discrimination on account of his age as the reason therefor." (See SAC ¶¶ 7, 10.) Heyer further alleges that subsequent to such complaint, "McMorris on January 29, 2010, issued [Heyer] an unsatisfactory performance evaluation" (see SAC ¶ 11), that, on March 26, 2010, he was the "only-vice principal in the District to receive a la[y] off notice" (see SAC ¶ 12), that on March 29, 2010, "McMorris issued a written recommendation that [Heyer] be 'reassigned' (demoted) to a classroom teacher position" (see SAC ¶ 13), that on April 13, 2010, the Board "approved a resolution reassigning (demoting) [Heyer]" (see SAC ¶ 14), that "[p]rior to the end of the 2009-2010 school year, [Heyer] was continually denied transfer to a position as Vice-Principal at College Park High School" (see SAC ¶ 15),[1] and that on June 4, 2010, he filed "an administrative charge of discrimination" with the EEOC (see SAC

---

[1] Heyer's allegations as to the denial of a transfer are ambiguous with respect to the time of such requests and, consequently, are insufficient to allege an adverse action occurring subsequent to his discrimination complaint. Also insufficient are Heyer's conclusory allegations, unsupported by facts, that "shortly after John McMorris became principal of Northgate High School . . . , [Heyer] was subjected to a continuing pattern of egregious, retaliatory conduct . . . which has included, but not limited to: [u]nwarranted, unrelenting over and close scrutiny; [c]ontinuous undermining of ability to perform duties; [u]nwarranted criticism; [f]alse negative performance evaluation; [f]alse accusations of unprofessional conduct; [f]alse charges of inadequate performance; [f]alse accusations of inappropriate behavior; [u]nlawful refusal to transfer; [u]nlawful removal from position of Vice-Principal; [u]nlawful reassignment to position of classroom teacher; [u]nlawful reassignment to onerous and dangerous teaching position; [u]nlawful refusal to pay salary; [u]nlawful reduction in pay; and [c]ontinuous ridicule and humiliation." (See SAC ¶ 9.)

¶ 18).

The Board moves to dismiss the SAC on the grounds that (1) Heyer failed to exhaust his administrative remedies with respect to his revised retaliation claim and (2) Heyer fails to allege sufficient facts to state a cause of action for retaliation.

"Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002). Here, as noted, Heyer alleges he filed "an administrative charge of discrimination" with the EEOC. (See SAC ¶ 18.) An allegation couched in such general language is insufficient to plead exhaustion of Heyer's retaliation claim. See Freeman v. Oakland Unified School Dist., 291 F.3d 632, 637 (9th Cir. 2002) ("The rule of liberal construction does not suggest a plaintiff sufficiently exhausts his administrative remedies under Title VII by merely mentioning the word 'discrimination' in his or her EEOC administrative charge.").

Heyer, however, has submitted with his opposition a copy of his EEOC charge and notice of right to sue. (See Decl. of Curtis G. Oler Exs. 1, 2.) Although Heyer does not specifically request the Court take judicial notice of the charge and although the Board objects to its consideration, the Board does not object to its authenticity, and the Court will therefore take judicial notice of Heyer's EEOC charge. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). In his charge, Heyer complained of "false negative performance evaluations" and that he was subjected to "continuing retaliation for [his] continuing protests of such unlawful discriminatory employment practices." (See Decl. of Curtis G. Oler Ex. 1 at 3-4.) When read with "utmost liberality," the SAC's retaliation allegations fall "within the scope of . . . an EEOC investigation which [could] reasonably be expected to grow out of the charge." See B.K.B., 276 F.3d at 1100 (noting courts "construe the language of EEOC charges with

1 utmost liberality"; setting forth factors to consider in determining whether particular
2 allegation falls within scope of either "actual" or "reasonably expected" investigation
3 (internal quotation and citation omitted)).[2]

Accordingly, the Court finds Heyer has exhausted his administrative remedies with respect to his retaliation claim. As set forth below, however, Heyer's retaliation claim nonetheless fails.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Rule 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (internal quotation and citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation, alteration, and citation omitted).

Here, as noted, Heyer asserts a claim of retaliation under Title VII. The elements of a retaliation claim are "(1) a protected activity[3]; (2) an adverse employment action; and

---

[2] Although not raised in the instant motion, the Court notes that retaliation for a complaint of age discrimination appears to be governed by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d), not Title VII. See 42 U.S.C. 2000e-3(a) (prohibiting retaliation for opposing "practice made an unlawful employment practice by this subchapter"); 42 U.S.C. § 2000e-2 (prohibiting discrimination based on "race, color, religion, sex, or national origin"). Nevertheless, the elements of a retaliation claim under the ADEA, as well the ADEA's pre-litigation filing requirements as relevant to the issues raised by the instant motion, are essentially identical to those in Title VII. See O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 763 (9th Cir. 1996) ("Section 623(d) of the ADEA is equivalent to the anti-retaliation provision of Title VII"); 29 U.S.C. § 626(d) (requiring, for suit under ADEA, filing of administrative charge with EEOC "within 300 days after the alleged unlawful practice occurred").

[3] Contrary to the Board's argument, Heyer's complaint to the Assistant Superintendent need not have contributed to "civic discourse" (see Mot. 6:4-11) in order to be considered protected activity. See Ray v. Henderson, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000) ("Making an informal complaint to a supervisor is also a protected activity.") An employees protected activity for purposes of a Title VII retaliation claim, see id., differs from an employee's protected speech for First Amendment purposes, see Garcetti v. Ceballos, 547 U.S. 410, 415-16, 421-22 (2006) (discussing permissible and impermissible restraint

4

(3) a causal link." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006).[4] Even if the SAC is construed to allege the above-listed adverse actions resulted from Heyer's complaint to the Assistant Superintendent, however, Heyer fails to allege facts to support such allegation.

In particular, the earliest adverse consequence on which Heyer relies, the "unsatisfactory performance evaluation," occurred on January 29, 2010, roughly nine months after Heyer made his complaint to the Assistant Superintendent. An interval of such length is insufficient to give rise to an inference that the evaluation resulted from Heyer's complaint. See id. at 1036 (finding seven-month delay between protected activity and adverse employment action insufficient to give rise to inference of causation); Manatt v. Bank of America, NA, 339 F.3d 792, 802 (9th Cir. 2003) (finding inference of retaliation "not possible . . . because approximately nine months lapsed between the date of [plaintiff's] complaint and [defendant's] alleged adverse decisions"). Heyer alleges no other facts to support a "plausible" inference that the unsatisfactory performance evaluation, or any of the alleged adverse actions subsequent thereto, were caused by his complaint. See Iqbal, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

Consequently, Heyer's retaliation claim is subject to dismissal. The SAC, however, represents Heyer's first attempt to plead a retaliation claim predicated on his April 20, 2009 complaint. Under such circumstances, the Court will afford Heyer leave to cure, if he can do so, the above-noted deficiencies.

Accordingly, the Board's motion to dismiss is hereby GRANTED, and the SAC is

---

on employee's speech).

[4] The Board argues Heyer's retaliation claim is, in any event, time-barred, as Heyer did not file his charge within 300 days of his complaint to the Assistant Superintendent. (See Reply at 3 n.2.) Heyer's retaliation claim, however, accrued when he suffered an adverse employment action, not when he complained to the Assistant Superintendent. See 42 U.S.C. § 2000e-5(e)(1) (providing charge "shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred").

5

1  hereby DISMISSED with leave to amend as set forth above.  Heyer shall file his third
2  amended complaint, if any, no later than May 13, 2011.
3      **IT IS SO ORDERED.**
4  Dated:  April 29, 2011
                                              _____
                                              MAXINE M. CHESNEY
5                                             United States District Judge