IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HEYER | No. C-10-4525 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| GOVERNING BOARD OF THE MOUNT DIABLO UNIFIED SCHOOL DISTRICT; et al., | |
| Defendants. | |

Before the Court is defendant Governing Board of the Mount Diablo School District's ("the Board") motion, filed May 27, 2011, to dismiss plaintiff Richard Heyer's ("Heyer") Third Amended Complaint ("TAC"), by which Heyer brings a claim for retaliation under 42 U.S.C. § 2000e-3.[1] Heyer has filed opposition, to which the Board has replied. Having read and considered the papers filed in support of and in opposition to the motion, and having by prior order deemed the matter suitable for decision on the parties' respective submissions, the Court hereby rules as follows.

---

[1] In his First Amended Complaint ("FAC"), in addition to a cause of action based on retaliation, Heyer alleged federal and state causes of action predicated on allegations of age discrimination, race discrimination, and harassment. (See FAC, filed Oct. 15, 2010.) By order filed February 2, 2010, the Court dismissed the FAC with leave to amend. In his SAC, Heyer did not endeavor to re-plead his discrimination and harassment claims, electing instead to pursue only his retaliation claim from that point forward.

**BACKGROUND**

By order filed April 29, 2011, the Court granted the Board's motion to dismiss Heyer's second amended complaint ("SAC"), which likewise alleged a retaliation claim under § 2000e-3. In that order, the Court found Heyer had failed to state a claim for retaliation, for the reason that Heyer failed to allege facts sufficient to show a causal link between the alleged protected activity and the alleged retaliatory adverse employment action. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006) (holding elements of retaliation claim are "(1) a protected activity; (2) an adverse employment action; and (3) a causal link"). By the instant motion, the Board argues Heyer has failed to cure that deficiency. As discussed below, the Court agrees.

In the SAC, Heyer alleged that on April 20, 2009, Heyer, then a Vice-Principal at Northgate High School, wrote to Assistant Superintendent Gail Isserman ("Isserman"), "protesting" a negative performance evaluation Heyer had received from his superior, Principal John McMorris ("McMorris"), and "suggesting" such evaluation was motivated by age discrimination (see SAC ¶ 10); Heyer further alleged that, as a result of such complaint, McMorris, on January 29, 2010, retaliated by giving Heyer an unsatisfactory performance evaluation (see id. ¶ 11), after which McMorris, on March 29, 2010, recommended Heyer's reassignment to a classroom teaching position (see id. ¶ 13), which recommendation was approved by the Board on April 13, 2010 (see id. ¶ 14).

As the Court observed in dismissing the SAC, "the earliest consequence on which Heyer relie[d], the 'unsatisfactory performance evaluation,' occurred . . . roughly nine months after Heyer made his complaint to the Assistant Superintendent." (See Apr. 29 Order at 5:5-7.) Given the absence of other facts showing a causal link, the Court found "[a]n interval of such length is insufficient to give rise to an inference that the evaluation resulted from Heyer's complaint." (See id. at 5:7-13 (citing Cornwell, 439 F.3d at 1036 (finding seven-month delay between protected activity and adverse employment action insufficient to give rise to inference of causation); Manatt v. Bank of America, NA, 339 F.3d

792, 802 (9th Cir. 2003) (finding inference of retaliation "not possible . . . because approximately nine months lapsed between the date of [plaintiff's] complaint and [defendant's] alleged adverse decisions").) The Court granted Heyer leave to amend to plead additional facts to support his retaliation claim.

In the TAC, Heyer again alleges the April 2009 age discrimination complaint he made to Isserman (see TAC ¶ 24)[2] and the January 2010 evaluation by McMorris (see id. ¶ 27).[3] While the TAC also includes a number of new allegations, those allegations do not suffice to cure the deficiencies the Court identified in the SAC.

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)), the claims must contain sufficient facts "to raise a right of relief above the speculative level," id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ascroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted).

---

[2] In the TAC, Heyer further describes the circumstances giving rise to his complaint to Isserman as a "conference" Heyer had with McMorris on April 9, 2009, in which McMorris "discussed alleged complaints of [Heyer's] past behaviors," and concluded with the admonition that Heyer's "'. . . failure to correct . . . may lead to reassignment to a classroom position.'" (See TAC ¶ 23 (elipses in original).)

[3] The Court again notes that retaliation for a complaint of age discrimination appears to be governed by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d), rather than Title VII. See 42 U.S.C. § 2000e-3(a) (prohibiting retaliation for opposing "practice made an unlawful employment practice by this subchapter"); 42 U.S.C. § 2000e-2 (prohibiting discrimination based on "race, color, religion, sex, or national origin"). As relevant to the instant motion, however, the analysis under both statutes is the same. See O'Day v. McDonnell Douglas Helicopter Co., 79 F.3d 756, 763 (9th Cir. 1996) ("Section 623(d) of the ADEA is equivalent to the anti-retaliation provision of Title VII.")

## DISCUSSION

At the outset, the Court notes that the majority of the new allegations concern events occurring before rather than after the above-referenced complaint to Isserman (see TAC ¶¶ 13-23)[4] and, consequently, cannot serve to bridge in some manner the expanse of time between Heyer's protected activity and the asserted retaliatory act.  See, e.g., Porter v. Cal. Dept. of Corrections, 419 F.3d 885, 895 (9th Cir. 2005) (holding "pattern of antagonism following the protected conduct can also give rise to [ ] inference" of causation (internal quotation and citation omitted)).

Only two of the new allegations concern events occurring in the period between Heyer's April 20, 2009 complaint and January 28, 2010[5] performance evaluation by McMorris.  In particular, Heyer now alleges that on April 22, 2009, two days after he sent his complaint to Isserman, he met with Isserman and "requested that Isserman investigate 14 accusations against McMorris and to transfer [Heyer] to College Park High School," both of which requests were denied (see TAC ¶ 25), and that in "October 2009" McMorris "directed [Heyer] to submit Initial Evaluation Goals" (see id. ¶ 26).   As discussed below, these allegations are insufficient to show .

Although indisputably close in time to Heyer's April 20, 2009 complaint of age discrimination, Isserman's alleged refusal on April 22, 2009 to investigate Heyer's unspecified "14 accusations" cannot be deemed an adverse employment action cognizable under either Title VII or the ADEA, for the reason that Heyer fails to plead facts showing

---

[4] The allegations of events pre-dating Heyer's complaint to Isserman concern Heyer's dissatisfaction with a variety of administrative decisions and actions taken by various supervising personnel, both interim and permanent, and the responses Heyer received to his complaints about how those matters were handled.  None involves a complaint of age or other discrimination made to anyone connected with the school district or any other act constituting a protected activity.  Although, Heyer suggests age discrimination played a role in his not receiving a position as Vice-Principal at a middle school in 2008 (see TAC ¶ 20) and that an African-American Vice-Principal was treated more favorably than Heyer, who is "Caucasian (white)" (see id. ¶¶ 4, 18), Heyer, as noted above, did not seek to re-plead a claim of age or race discrimination.

[5] In his SAC, Heyer alleges said evaluation was issued on January 29, 2010; in his TAC Heyer alleges it was issued on January 28, 2010.  (See SAC ¶ 11; TAC ¶ 27.)

4

any such "accusation" warranted investigation, let alone that a declination to do so would dissuade a reasonable employee from engaging in protected activity. See Burlington No. & Santa Fe. Ry. Co. v. White, 548 U.S. 53, 57 (2006) (defining adverse employment action for purposes of Title VII as action "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination").[6]

Nor can Isserman's denial of Heyer's request for a transfer to College Park High School, which denial is alleged to have occurred on April 22, 2009, during the same meeting, serve as an adverse action on which Heyer can predicate his retaliation claim. First, Heyer's factual allegations likewise are insufficient. In particular, Heyer fails to plead any facts suggesting such request ordinarily would have been granted; there are no allegations, for example, setting forth Heyer's qualifications for, or the availability of, the position to which he sought a transfer. See Randlett v. Shalala, 118 F.3d 857, 863 (1st Cir. 1997) (holding denial of transfer could constitute adverse employment action where transfer was "common enough practice and so arguably a 'privilege' of employment").

Equally, if not more, important, both the denial of the request to investigate and the denial of the requested transfer are alleged to have occurred more than 300 days before the date Heyer filed his charge with the EEOC, which as alleged in the TAC was June 4, 2010. (See TAC ¶ 36.) Consequently, any claim of retaliation premised on such allegation would be time-barred. See 42 U.S.C. § 2000e-5(e)(1) (providing charge "shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred"); 29 U.S.C. § 626(d) (requiring, for suit under ADEA, filing of administrative charge with EEOC

---

[6] To the extent Heyer may be relying on the "accusations" themselves, i.e., as protected activity, any such reliance is unfounded, again because the "accusations" are alleged without further specificity as to their content, see E.E.O.C. v. Crown Zellerbach Corp., 720 F.2d 1008, 1013 (9th Cir. 1983) (noting, in suit under Title VII, "[t]he employee's statement cannot be opposed to an unlawful employment practice unless it refers to some practice by the employer that is allegedly unlawful" under Title VII (emphasis omitted)), and, additionally, because they suffer from the same lack of temporal proximity to the alleged January 2010 retaliatory act as does Heyer's April 20, 2009 complaint, see Cornwell, 439 F.3d at 1036 (finding seven-month lapse of time between protected activity and adverse employment action insufficient to give rise to inference of causation); Manatt (finding nine-month lapse of time insufficient).

5

"within 300 days after the alleged unlawful practice occurred"); Martin v. Nev. Emp't Sec. Div., 99 F. App'x 832, 834 (9th Cir. 2004) (affirming dismissal for lack of subject matter jurisdiction where EEOC charge filed more than 300 days after employee terminated).

Next, assuming, arguendo, sufficient temporal proximity exists between Heyer's April 20, 2009 complaint of age discrimination and McMorris's October 2009 request that Heyer submit Initial Evaluation Goals, such request cannot be deemed an adverse employment action. Heyer himself essentially alleges such Initial Evaluation Goals are part of the ordinary course of school administration and, indeed, alleges McMorris, before confronting Heyer about his performance on April 9, 2009,[7] should have requested Heyer submit them. (See TAC ¶ 23); Burlington, 548 U.S. at 57 (defining adverse employment action as one that could "dissuade a reasonable worker from making or supporting a charge of discrimination").

Although conduct not itself sufficient to constitute an independent adverse employment action may nonetheless serve as "circumstantial evidence" giving rise to an inference of causation between a protected activity and a temporally non-proximate adverse employment action, see Porter, 419 F.3d at 895, none of the events alleged to have occurred on April 22, 2009 or in October 2010 serve to make that link. In particular, none of those alleged acts, whether viewed individually or collectively, reflects a "pattern of antagonism." See id. at 895-96 (holding "pattern of antagonism following the protected conduct can also give rise to [ ] inference" of causation; finding causal link where, inter alia, pattern of interim conduct by supervisors, including "'not for you' sneers," taking plaintiff's food then spitting it out, and "intimidating glare" (internal quotation and citation omitted)).

In sum, the latest protected activity on which Heyer can rely remains his April 20, 2009 complaint to Isserman (see TAC ¶ 24), and the earliest adverse employment action on which Heyer can rely remains the January 28, 2010 "unsatisfactory performance

---

[7] As noted, the initial negative evaluation Heyer received from McMorris, i.e., the evaluation about which Heyer complained to Isserman on April 20, 2009, was given to Heyer on April 9, 2009.

evaluation" he received from McMorris (see id. ¶ 27).  As discussed above, the length of time elapsing between those two occurrences, without more, precludes an inference of causation, and, in this case, any such additional facts have not been pleaded.

Lastly, although Heyer has not requested further leave to amend, the Court has considered whether such leave would be appropriate.  As the TAC represents Heyer's fourth attempt to plead a viable claim, and as Heyer has come no closer to doing so, the Court finds further leave to amend would serve no useful purpose.

## CONCLUSION

For the reasons stated above, the Board's motion to dismiss Heyer's Third Amended Complaint is hereby GRANTED and the above-titled action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated:  June 30, 2011

_____
MAXINE M. CHESNEY
United States District Judge